E-FILED
Tuesday, 11 April, 2006  11:55:29 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| John Rook, | ) | |
|         Plaintiff | ) | |
| | ) | |
| | ) | Case No. 05-1117 |
| | ) | |
| Lowe's Home Centers, Inc., | ) | |
|         Defendant | ) | |

**ORDER**

Now before the court is the plaintiff's motion to compel (#18). The motion is fully briefed. For the following reasons, the motion is denied.

Plaintiff's complaint alleges that his employment with defendant was terminated in retaliation for his assertion of worker compensation benefits. During discovery, Plaintiff asked the following Interrogatory 3:

> Identify all persons who have, claim to have or are believed to have knowledge or information regarding the events set forth in the Complaint or Defendant's Answer and Defenses thereto, including but not limited to any allegations or claims by Defendant that Plaintiff was guilty of any misconduct or violations of its rules, policies or procedures, and as to each state the specific knowledge that individual has, claims to have or is believed to have.

In its response to this Interrogatory, Defendant objected to the extent that it sought information more appropriately obtained by deposition. Without waiving that objection, Defendant also stated that the individuals who fit this description were identified in Initial Disclosures along with a brief description of the topics about which they had information. Defendant also provided other information in its response, including that the store manager made the decision to terminate Plaintiff based on input from other individuals (two of whom

were named).  In addition, Defendant identified the department supervisor to whom it claimed Plaintiff had been insubordinate.

Plaintiff has not identified any way in which this response is inadequate.  Defendant has made these witnesses available for deposition if Plaintiff needs more details about what they know.  Defendant is not obligated to under any authority identified by Plaintiff to answer more expansively than it already has.

Several other interrogatories are at issue.  In the First Set of Interrogatories #6, Plaintiff asked Defendant to identify other complaints of discrimination by employees with workers compensation injuries during the past 3 years.  In the Second Set of Interrogatories #9, Plaintiff asked for the identities of all employees who asserted a worker compensation claim during that period.  In #10 Plaintiff asked for all employees who have been terminated for insubordination during the last 3 years.  And in #11, Plaintiff asked to identify all employees who asserted a worker compensation claim during the last 3 years who are still employed by defendant.

Defendant's responses to all of these questions was limited to the Peoria store where Plaintiff worked.  In his motion Plaintiff states without any authority or legal argument that the answer should include all stores within the same "region" as the Peoria store.  Plaintiff calls this "region" the Central Illinois region.

In order to prove his case, Plaintiff will have to show a similarly situated employee who was treated better than he was.  To show that the Plaintiff was "similarly situated", Plaintiff must show *inter alia* that he and the others reported to the same supervisor.  See, Radue v. Kimberly Cleark Corp., 219 F.3d 612, 617 (7th Cir. 2000).  That would limit the relevant, admissible evidence to the Peoria store, since the alleged basis for the employer's

decision was insubordination to a department supervisor in the Peoria store. Moreover, the evidence cited to the court shows that the termination decision was made by the store manager and others in the Peoria store. Plaintiff has made no argument to show how discovery about stores other than the Peoria store would be likely to lead to such relevant, admissible evidence. Nothing in the record of this case can justify expanding fact discovery beyond the Peoria store.

The fact that the corporation has policies and procedures about termination of employees does not, as Plaintiff argues, support the discovery at issue here, at least not without more. And the court has not been cited to anything more than a generalized "need for liberal discovery" about employees with worker compensation claims. While Plaintiff surely is entitled to obtain information about what those policies and procedures are, he has shown no legally cognizable basis for obtaining information about how those policies and procedures have been applied to employees outside the location where he worked.

In the absence of evidence showing pointing to similarly situated employees - i.e. those reporting to a common supervisor and subject to a decision made by a common decision maker - outside the Peoria store, Plaintiff is limited to discovery that pertains to the Peoria store. If the discovery defined by this Order leads to information suggesting that others outside the Peoria store were involved in his situation, Plaintiff may once again seek the court's assistance. At this point, however, there is no basis for broadening the scope of this litigation. Accordingly, the motion to compel further answers is denied.

There are several alternative bases for this denial. For example, Defendant explains that it does not group its stores by the "region" used by Plaintiff. To require the Defendant to re-define its corporate structure for the convenience of the Plaintiff would be

unduly burdensome.  Additionally, Plaintiff's motion and supporting memorandum of law contain not a single citation to legal authority.

For each of these reasons, the motion to compel [#18] is denied in its entirety.

ENTER this 11th day of April, 2006.

>                   s/ John A. Gorman
>
>               JOHN A. GORMAN
>          UNITED STATES MAGISTRATE JUDGE